*AUSA Mitchell*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH ) | |
| OF TARGET ELECTRONIC         ) | CASE NO. 14-447 JKS |
| DEVICES LISTED IN            ) | |
| ATTACHMENT A, CURRENTLY      ) | |
| IN LAW ENFORCEMENT           ) | |
| POSSESSION                   ) | |

SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR AN AMENDED SEARCH WARRANT

I, Kevin Ermer, being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I, Task Force Officer Kevin Ermer, make this affidavit in support of an application for an amended search warrant under Rule 41 of the Federal Rules of Criminal Procedure authorizing the examination of property – electronic devices – which are currently in law enforcement possession, described in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

2. In the original affidavit, sworn and subscribed on February 20, 2014, the Sprint Apple iPhone Model A1332 was incorrectly stated to have FCCID# BCG-E2380**8** and IC# 579C-E2380**8**; after the warrant was issued, the numbers were determined to be FCCID# BCG-E2380**B** and IC# 579C-E2380**B**. Similarly, in the original affidavit, the Blackberry cellular phone was incorrectly stated to have serial #A0000026**0**85675; after the warrant was issued, the number was determined to be serial #A00000260**B**5675.

3. I have been a member of the Maryland Transportation Authority Police Department since 2005. In April 2008, I became a Detective in the Criminal Investigations Division and was subsequently assigned as a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") HIDTA Group 51. I have been serving as a TFO with the

DEA since March 28, 2011. As part of my law enforcement training, I successfully completed a seven month entrance level training course in criminal investigations while attending the Maryland Transportation Authority Police Academy. Additionally, I have received over 40 hours of training in drug/narcotics enforcement, recognition, street packaging and CDS Paraphernalia while attending Maryland Transportation Authority Police Academy. I have also received 100 hours of specialized training in proactive criminal interdiction, to include narcotics trafficking, identifying hidden compartments, patrol drug investigations, narcotics surveillance investigation, drug identification, hotel/motel criminal interdiction (Drugs & Prostitution) and airport drug interdiction, and have received training in vehicle theft investigations by Baltimore City Police RATT TEAM (Vehicle Theft Task Force).

4. My training has also included instruction in Criminal Law, Probable Cause, Search and Seizure Techniques, Use of Informants, Surveillance Methods and the Constitutional Rights of Citizens. During my seven years on duty, I have made over two hundred arrests, and participated in over one thousand arrests involving CDS Violations, felony and misdemeanor theft investigations, vehicle thefts, assaults, domestic violence, fraud, firearms, etc. in addition to approximately one hundred traffic and fugitive arrests. I have also participated in the writing and execution of numerous search and seizure warrants.

5. I have interviewed many drug traffickers and learned from those interviews the various means and methods of traffickers. Your affiant has successfully completed the three day CDS training seminar presented by the United States Drug Enforcement Administration. During your affiant's tenure as a Police Officer, I have arrested numerous persons for violations of the CDS laws. Your affiant has seized large amounts of heroin, cocaine, marijuana and various other substances controlled by the State of Maryland.

6. Your Affiant has participated in the execution of numerous search and seizure warrants which has yielded large amounts of CDS and have led to the arrests of numerous persons for violations of the CDS laws. Your affiant has testified in CDS prosecutions in the Circuit and District Courts of Maryland. In addition, through my investigative experience, I know that persons involved in the illegal distribution of CDS keep and maintain records of their various activities. Experience in similar cases has established that such records are regularly concealed in a suspect's automobile, residence, office, on his person, in warehouses, storage lockers, cell phones and computers, and that they take various forms, including hard copy and electronic. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of controlled dangerous substances or other such documents which will contain identifying data on the co-conspirators. The aforementioned items are kept in locations that are considered safe by the drug traffickers such as safety deposit boxes, residences, vehicles and on their person, where they have ready access to them. I know that drug traffickers often have several residences decreasing the likelihood of detection by law enforcement. I also know through training, knowledge, and experience that drug traffickers often utilizes cell phones and computers, and other electronic communication devices, to communicate with co-conspirators. I also know that these devices often store data for long periods of time including, contacts, call history, text messages, emails, and other pertinent files related to their criminal enterprise.

7. This affidavit is submitted solely to amend an affidavit I submitted under this case number to correct (i) the FCCID# and IC# of the Sprint Apple iPhone Model A1332 and (ii) the serial number of the Blackberry cellular phone. All other information included in that affidavit is still believed correct.

8. I request that this Court issue an amended search warrant in this case with the corrected attachments included herein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Kevin Ermer
Task Force Officer
Drug Enforcement Administration

Sworn and subscribed to before me on this 23 day of April 2014.

_____
Honorable Jillyn K. Schulze
United States Magistrate Judge

4

# ATTACHMENT A

## ITEMS TO BE SEARCHED

The items to be searched include:

    a.    Verizon LG phone, serial number 110CYEA0059612, seized from WHITE's person on May 30, 2013;

    b.    Verizon Samsung phone, MEID HEX# A00000403F02ED, seized from the passenger seat of the 2008 Lincoln MKX on May 31, 2013;

    c.    Sprint Apple iPhone Model A1332, FCCID# BCG-E2380B, IC# 579C-E2380B, seized from the center console of the 2008 Lincoln MKX on May 31, 2013

    d.    Motorola i475 cellular phone, cell number 202-380-2276, serial number 364VMN17DS, seized from the center console of the 2008 Lincoln MKX on May 31, 2013;

    e.    LG cellular phone, Serial #305CYWC0084601, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013

    f.    Apple iPhone cellular phone, IMEI# 013428002199808, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013

    g.    Pantech cellular phone, serial #114100413038, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013

    h.    Samsung cellular phone, serial #A0000039397804, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013

    i.    Blackberry cellular phone, serial #A00000260B5675, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013

    j.    Apple laptop computer #W80460VBAGV, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013; and

    k.  HP Pavilion desktop computer #MXM4380KRM, seized from 11465 Indian Hills Place, #104, Waldorf, MD on June 6, 2013.

## ATTACHMENT B
## ITEMS SUBJECT TO SEIZURE

1. All records on the devices described in Attachment A that relate to violations of 21 U.S.C. § 841 and 18 U.S.C. §§ 1956 and 1957, and involve John David WHITE, including but not limited to:

    a. all bank records, checks, credit card bills, account information, and other financial records;

    b. any information recording John WHITE's schedule or travel;

    c. any information, including phone numbers and call logs, regarding potential co-conspirators;

    d. any information regarding drug distribution or money laundering activities;

    e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    f. lists of customers and related identifying information;

    g. any information regarding purchase of a homes, apartments, or other real estate;

    h. any information regarding applying for U.S. passports or other federal or state identification documents; and

    i. photographs, images, and videos.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet, including:

   a. records of Internet Protocol addresses used;

   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.


As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.